United States District Court
Southern District of Texas
**ENTERED**
November 12, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § | CRIMINAL NO. G-15-22 |
| MATTHEW IRWIN | § | |

## ORDER OF RELEASE

It is hereby **ORDERED** that the above-named Defendant be **RELEASED** on the following conditions:

1. The Defendant **SHALL** appear at such times and places as the United States Magistrate or District Judge may order or direct, and **SHALL** surrender for service of any sentence imposed, as directed.

2. The Defendant **WILL NOT** (1) commit a federal, state or local crime during the period of his release; (2) influence or injure any juror or officer of the Court (18 U.S.C. §1503); (3) obstruct a criminal investigation (18 U.S.C. §1510); or (4) tamper with or retaliate against any witness, victim or informant in an official proceeding (18 U.S.C. §1512, §1513).

3. The Defendant **WILL** execute an **Unsecured Personal Appearance Bond** in the amount of **$75,000.00**.

4. The Defendant **WILL** maintain his current employment and if unemployed **WILL** actively seek employment.

5. The Defendant **WILL NOT** associate with any person engaging in criminal activities or who has been charged with or convicted of a felony offense, or who has been released on bail, probation or parole.

6. The Defendant **WILL** avoid all contact with any alleged victim of the offense charged and with any potential witness who may testify concerning the offense.

7. The Defendant **SHALL NOT** have any contact with minors. This includes any verbal, written, telephonic or electronic communication with any person under the age of 18.

8. The Defendant **WILL** report as directed by the Pretrial Services Office on a regular basis to the following agency in <u>Houston</u> (as directed) and will meet such requirements as the agency may direct:

   > Pre-Trial Service Agency
   > 515 Rusk Avenue, Room 6214
   > Houston, Texas  77208
   > (713) 250-5218

9. The Defendant **WILL** remove from his home and refrain from possessing a firearm, destructive device or other dangerous weapon.

10. The Defendant **WILL** refrain from all use of alcohol, or any use of a narcotic drug or other controlled substances (defined in 21 U.S.C. § 802), without a prescription by a licensed medical practitioner.

11. The Defendant **WILL** restrict his travel to the <u>Harris and Galveston counties</u> unless court permission is granted to travel elsewhere.

12. **Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the following mandatory conditions are imposed pursuant to 18 U.S.C. 3142(f)(1)(B):**

    The Defendant **SHALL** participate in the following home confinement program and abide by all the requirements of the program which will include electronic monitoring or other location verification system, specifically **GLOBAL POSITIONING SYSTEM (GPS)**. Defendant **SHALL** pay all or part of any cost associated with the program based upon Defendant's ability to pay as determined by the Pretrial Services office or supervising officer.

    - **Home Detention** - The Defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the Pretrial Services office or supervising office.

13. The Defendant **SHALL** undergo medical or psychiatric treatment **(not limited to a psychosexual evaluation and/or sex specific treatment)** as deemed necessary by Pretrial Services and approved by this Court. The Defendant **WILL** incur costs associated with such treatment, based on ability to pay as determined by the Pretrial Officer.

14. The Defendant **SHALL** participate in random drug and alcohol screening and, if deemed necessary by Defendant's supervising officer, treatment as directed by the Pretrial Services Agency. The Defendant **WILL** incur costs associated with such drug/alcohol detection and treatment, if applicable, based on Defendant's ability to pay as determined by the Pretrial Officer.

15. If the Defendant is convicted of a sex-related offense in the instant federal case and is allowed to remain on Bond following conviction, the Defendant **SHALL** register as a sex-offender with the proper state and/or local agency or agencies in any state where the Defendant resides, is employed, carries on a vocation, or is a student, within 10 business days of conviction and **SHALL** provide to the Pretrial Officer a copy of the Defendant's registration card within 3 business days of receiving the card. The Defendant **SHALL** provide all information required/needed by the appropriate agency or agencies to maintain proper registration.

16. The Defendant **SHALL NOT** use or possess a computer.

17. The Defendant **SHALL NOT** access the Internet.

18. The Defendant **SHALL NOT** use or possess any gaming consoles (including, but not limited to Xbox, PlayStation, Nintendo DS, Nintendo Wii) or devices without prior permission from the Pretrial Officer.

19. The Defendant **SHALL NOT** use a cellular phone or PDA device which has internet access, without prior approval of the Pretrial Officer. The Defendant **SHALL** allow the Pretrial Officer to view his phone statements to monitor for internet access.

20. The Defendant **SHALL NOT** use any device(s) offering internet access as a means of accessing any materials that relate to the criminal activity charged in the pending allegations.

21. The Defendant **SHALL NOT** possess or peruse any authentic, altered or manufactured, in whatever form, material that depicts and/or describes "sexually explicit conduct" as defined in 18 U.S.C. §2256(2) or "child pornography" as described in 18 U.S.C. §2256(8).

22. The Defendant **SHALL NOT** volunteer in organizations or activities involving minors under the age of 18.

23. The Defendant **SHALL NOT** frequent places where minors are likely to visit, such as schools, playgrounds, swimming pools, arcades, etc..

24. The Defendant **SHALL NOT** loiter or be found within 100 feet of any school yard, park, playground, arcade or other place primarily used by children under the age of 18.

25. The Defendant **SHALL** surrender his passport, if applicable, and **WILL NOT** obtain a new passport.

26. The Defendant **WILL** immediately report contact with law enforcement to Pretrial Services.

## ADVICE OF PENALTIES AND SANCTIONS

A violation of any of the foregoing conditions may result in the forfeiture of any bail or collateral posted, the revocation of this Release Order, and the immediate issuance of a warrant for the arrest of the Defendant. Defendant is further subject to an Order of Detention and to prosecution for contempt as provided in 18 U.S.C. § 401 which could result in a possible term of imprisonment or a fine.

If the Defendant is convicted for a crime committed while released pursuant to this Order, he **SHALL** be sentenced, **in addition** to the sentence imposed for the offense herein, to a term of not less than two and not more than ten years if the offense is a felony, or to a term of not less than ninety days and not more than one year if the offense is a misdemeanor. This additional sentence **SHALL** be consecutive to any other sentence. (18 U.S.C. § 3147)

Each criminal offense under 18 U.S.C. § 1503 and § 1510 is punishable by a fine of not more than $250,000, or imprisonment of not more than five years or both. Each criminal offense under 18 U.S.C. § 1502 and § 1513 is punishable by a fine of not more than $250,000, or imprisonment of not more than ten years or both.

It is a criminal offense under 18 U.S.C. § 3146, if, after having been released, the Defendant knowingly fails to appear as required by the conditions of release, or to surrender for service of sentence pursuant to a Court Order. If the Defendant was released in connection with a charge of, or while awaiting sentence, surrender for service of sentence, or appeal or *certiorari* after conviction, for

(a) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the Defendant **SHALL** be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(b) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the Defendant **SHALL** be fined not more than $250,000 or imprisoned for not more than five years, or both;

(c) any other felony, the Defendant **SHALL** be fined no more than $250,000 or imprisoned for not more than two years, or both;

(d)  a misdemeanor, the Defendant SHALL be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender SHALL be consecutive to the sentence of imprisonment for any other offense.

### Acknowledgment of Defendant

I acknowledge that I am the Defendant in the above-captioned case. I understand the conditions of my release and the penalties and sanctions applicable in the event I violate any condition or fail to appear or surrender as required. I agree to comply fully with each of the obligations imposed on my release and to notify the Court promptly in the event I change the address indicated on my Bond. I acknowledge receipt of a copy of this Order.

_____
Defendant

### Directions to United States Marshal

The Defendant is ORDERED RELEASED after processing.

DONE at Galveston, Texas, this ___12th___ day of November, 2015.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE